Sabine, by her guardian *ad litem*, vs. Fisher.

SABINE, by her guardian *ad litem*, vs. FISHER.

AMENDMENT: SUIT BY INFANT. (1) *Brought without guardian. Appointment may be made on trial.*

EXCEPTION. (2) *To whole charge nugatory, unless whole erroneous.*

NEW TRIAL. (3) *Properly refused in case.*

1. Plaintiff having commenced the action without any appointment of a guardian *ad litem*, there was no error in permitting her to amend so as to prosecute by such guardian, after the introduction of evidence in her behalf, which showed her to be a minor.

2. A general exception to a charge consisting of several propositions, raises no question for review in this court.

3. Where there was evidence sufficient to support the verdict, and no abuse of discretion in refusing a new trial, this court cannot disturb the order.

APPEAL from the Circuit Court for *Jefferson* County.

Action for breach of promise of marriage. The action was originally brought in the name of the plaintiff without guardian. On the trial it appeared in the plaintiff's evidence that she was under the age of twenty-one years. Thereupon her counsel moved for leave to have a guardian *ad litem* appointed to prosecute the action for her, to which defendant's counsel objected and moved the court to dismiss the action. The court allowed the motion of plaintiff and appointed a guardian *ad litem*, and the trial proceeded, resulting in a verdict for the plaintiff. The exceptions are stated in the opinion.

*V. W. Seely*, for appellant. [No brief on file.]

*Gillet & Hammond*, for respondent, argued that the appointment of a guardian *ad litem* was proper. *Hafern v. Davis*, 10 Wis., 501; *Wheeler v. Smith*, 18 id., 651. The question is one of regularity only. *Hoftailing v. Teal*, 11 How. Pr., 188; *Hill v. Thacher*, 3 How., 407. And not jurisdictional. *Rutter v. Ruckhofer*, 9 Bosw., 638. Motion to dismiss should have been made before answer. *Parks v. Parks*, 19 Abb., 161; *Fellows v. Niver*, 18 Wend., 563; *Schermerhorn v. Jenkins*, 7 Johns., 373;

*Treadwell v. Bruder*, 3 E. D. Smith, 596.   The exception to the charge is general.

RYAN, C. J.   We see no ground for disturbing the judgment.

There is no error in the leave given to the respondent to amend, so as to prosecute the suit by her next friend.   Had she proceeded without leave, the judgment could not be reversed on that ground.   *Hafern v. Davis*, 10 Wis., 501; *Wheeler v. Smith*, 18 id., 651.

The exception to the charge of the court below is general, and therefore can raise no question here.   *Heath v. Heath*, 31 Wis., 223.   But we have looked into the charge, and see no misdirection or ground for complaint in it.

There certainly was abundant evidence to support the verdict, and the facts were fairly submitted to the jury.   There does not appear to have been an abuse of discretion in refusing a new trial, and we cannot disturb the order.   *Jones v. Evans*, 28 Wis., 168.

These appear to be the only exceptions in the record.   The judgment of the court below must therefore be affirmed.

*By the Court.* — Judgment affirmed.