ROWELL and another vs. WILLIAMS, Administratrix, and another, imp.

*March 17 — April 5, 1882.*

MORTGAGE. *(1) Recording act: "conveyance:" "good faith." (2) Proof that later mortgagee took with notice of prior mortgage. (3) Mortgage: good as between parties, etc., notwithstanding error in description. (4) Consideration of mortgage. (5) Acknowledgment: defect in form.*

1. The term "conveyance" in the recording act (sec. 2241, R. S.; sec. 25, ch. 86, R. S. 1858) includes a mortgage; and one who purchases with knowledge of an outstanding incumbrance, or information sufficient to

Rowell and another vs. Williams, Adm'x, and another, imp.

put him on inquiry, is not a purchaser in "good faith," within the mean-
ing of that statute.

2. Upon the evidence in this case (stated in the opinion) the court below was
justified in holding that plaintiffs took their mortgage in suit with notice
of the rights of previous mortgagees, notwithstanding errors in the
record of the previous mortgages.

3. Persons owning and occupying the west half and the S. E. ¼ of the N.
.E. ¼ of a certain section, and intending to mortgage the whole 120
acres, by mistake described the first eighty as the west half of the E.
¼, and the mortgage was so recorded; but it recited that it was upon
120 acres. The mortgagors did not own the S. E. ¼ of the section.
*Held*, that the land described was capable of being made certain by
proof, and the mortgage was good as between the parties, and as to
them and subsequent mortgagees with notice, must be deemed to cover
the 120 acres owned by the mortgagors in the N. E. quarter section.

4. A mortgage which recites that it was given to secure a promissory note of
the mortgagor, *held*, to show a *consideration*.

5. Whether the omission of the name of the county in the venue of the ac-
knowledgment of a mortgage prevents the record thereof from being
constructive notice to a subsequent *bona fide* purchaser, was immaterial
in this case.

APPEAL from the Circuit Court for *Columbia* County

Action to foreclose a mortgage. The answering defendants
were *Margaret Williams*, administratrix with the will annexed
of Robert Williams, and *Beulah Van Buren*, the holder of a
prior mortgage. The mortgagors did not answer.

The trial court found in effect the following facts: On the
30th of November, 1858, Robert Davies, being the owner,
and, with his wife, in the occupancy and possession, of the W.
½ of the N. E. ¼ and the S. E. ¼ of the N. E. ¼ of section 24,
township 13 north, of range 11 east, in Columbia county, exe-
cuted a note for $470, with interest at twelve per cent. until
paid, and, with his wife, executed a mortgage to Robert
Williams, by which they intended to mortgage the whole of
said 120 acres of land, to secure the same, though the descrip-
tion of the eighty therein was the W. ½ of the E. ¼. Said
mortgage was duly recorded April 6, 1859; and there was still

due on that note and mortgage June 25, 1879, $1,153.60, after allowing all payments. On the 5th of February, 1873, the said Robert Davies, being still the owner of the 120 acres in section 24, above described, and also of the N. E. ¼ of the S. E. ¼ of section 21, in the same township and range, and being, with his wife, in the occupancy and possession of the same, gave his note to Julius H. Dawes for $500, with interest at ten per cent. until paid; and, to secure the payment thereof, he and his wife mortgaged the whole 160 acres to Dawes, which mortgage was recorded February 7, 1873, and no payments had been made thereon except the interest to February 5, 1877. Said mortgage was taken by Dawes with actual notice that the Williams mortgage was intended to cover the whole 120 acres in section 24. Prior to the commencement of this action, *Van Buren* purchased this mortgage of Dawes, with like actual notice. On the 11th of February, 1873, Robert and Ann Davies, for value received, gave to the plaintiffs, as copartners, their note for $712.64, with interest at ten per cent. until paid, and secured the payment thereof by mortgage upon the whole 160 acres above described, which mortgage was recorded February 14, 1873. Upon this mortgage nothing had been paid except the first year's interest. Plaintiffs took the mortgage with actual notice of the existence of the Williams mortgage, and that the same was intended to cover the whole 120 acres in section 24, and with actual notice of the Dawes mortgage held by *Van Buren.* Each of said mortgages, and of the notes secured thereby, was unsatisfied and unpaid. As conclusions of law, the court held that the Williams mortgage was a lien upon the 120 acres in section 24 prior to each of the other mortgages, and that the Dawes mortgage, assigned to *Van Buren,* was next in order, and was a lien upon the 160 acres prior to the mortgage of the plaintiffs; and it directed that judgment of foreclosure and sale be entered accordingly, and that, out of the proceeds of the sale of the lands covered

by said mortgages, respectively, the said mortgage debts be paid in the order of their priority. From the judgment entered accordingly, the plaintiffs appealed.

The cause was submitted for the appellants on briefs of *James J. Dick.*

For the respondent *Margaret Williams* there was a brief by *Morrow & Masters,* and oral argument by *Mr. Morrow.*

CASSODAY, J. Section 2241, R. S., and section 25, ch. 86, R. S. 1858, from which it was taken, only protect subsequent purchasers in good faith for a valuable consideration, and not those who purchase with the knowledge of an outstanding unrecorded conveyance. In such case, to purchase in good faith is to purchase without knowledge of the outstanding incumbrance, or any information sufficient to put the purchaser upon inquiry. *Mueller v. Brigham,* 53 Wis., 173. There can be no question that the term "conveyance," as used in that section, includes a mortgage. Section 2242, R. S., and section 35, ch. 86, R. S. 1858, from which it was taken. Here one of the plaintiffs testified, in effect, that Mr. Davies told him, at the time he gave this mortgage to their firm, that the $300 note and mortgage (given in 1854, on the 120 acres in section 24 to Williams, and to take up which the Williams mortgage of 1858 was given) were paid; that there was another mortgage of about $400 held by Mr. or *Mrs. Williams;* that he supposed he was taking the mortgage to the plaintiffs "on his (Davies') land, and that there was on it a mortgage to *Mrs. Williams* of $400," and also the Dawes mortgage of $500; that Davies did not tell him that the Williams mortgage of the whole place," but said "it was on the place." He also testiabout $400 "covered the entire farm," or that "it was upon fied that he had no knowledge from Davies or *Mrs. Williams,* or anybody else, that there was a mistake in the Williams mortgage until they found it out from the description, when

they got the abstract, about the time they were talking of fore-closing their mortgage.

With these admissions on the part of the plaintiffs, and the testimony of Mr. Davies, to the effect that when he was about to give the mortgage *Mr. Rowell* asked him if his land was clear, and he told him there were three mortgages on the land,—one of $300 to Mr. Williams, and another of $470 to Mr. Williams, and one which he had given the week before to Mr. Dawes for $500,— and the other evidence in the case, it is very apparent that the circuit court was justified in holding that the plaintiffs took the mortgage with the express understanding that it was subsequent and subject to the Williams mortgage and the Dawes mortgage. This being so, and assuming the Williams mortgage to be a valid subsisting mortgage, the fact of any irregularity in the recording of the mortgage becomes wholly immaterial, since it is the object of the record-ing acts to protect purchasers and mortgagees for value with-out notice, and not to protect them when they have notice. For the purposes of this case, therefore, we may assume that the re-cord of the Williams mortgage was not such as to give construct-ive notice to a *bona fide* purchaser in good faith. Nor is it material that the plaintiffs, at the time of taking their mort gage, did not know the precise amount due on the Williams mortgage, assuming such to be the fact, since they did have information sufficient to put them upon inquiry, and her ce they must be presumed to have known what they might readily have ascertained.

It would seem, from the evidence, that the defect in the description of the land in the Williams mortgage was not known to the plaintiffs until they began talking about foreclos-ing, in 1876, and then they obtained a release of the former Williams mortgage, in which the land was accurately described, apparently for the purpose of preventing its enforcement in case the supposed lien of the second Williams mortgage should

Rowell and another vs. Williams, Adm'x, and another, imp.

be avoided. The mistake consisted .in omitting the word "north." The mortgage recited that it contained 120 acres of land, and it is very evident, from reading the description of the 80 and 40 together, that either the word "north" or "south" had been omitted by mistake, otherwise the 40 would include a portion of the 80. Of course, the land to which Davies held title was susceptible of proof, and, as he could only mortgage his own land, and not the lands of others, there was no difficulty in making certain by evidence what was otherwise uncertain. The mortgage was therefore good between the parties, and as to them and the plaintiffs, who took with the notice mentioned, it must be deemed to cover the entire 120 acres in section 24, notwithstanding the mistake referred to. Nor do we think the Williams mortgage invalid by reason of the failure to recite a consideration. It was under seal, and recited that it was given to secure a promissory note of the amount named, executed by the mortgagor, which, of itself, would show a consideration; besides, it here appears that it was given in payment of the former note and mortgage held by Williams. The omission of the name of the county, in the venue of the acknowledgment, may have been such an irregularity as to prevent the record from being constructive notice to *bona fide* purchasers or mortgagees without notice; but the view we have taken of the case makes this immaterial, since the plaintiffs are not such mortgagees, but took their mortgage with actual notice that the Williams mortgage in question then covered the farm of the mortgagor.

*By the Court.*— The judgment of the circuit court is affirmed.