HEPP, by guardian *ad litem*, vs. HUEFNER, Administrator, etc.

*September 23 — October 14, 1884.*

GUARDIAN AD LITEM. *(1) Appointment after appeal. (2) Notice.*
PLEADING. *(3) Admission of execution of instrument. (4) Improvident admission by administrator: Amendment.*

1. A motion to dismiss an appeal to the circuit court on the ground that the appellant was a minor and had no guardian *ad litem*, was properly denied where, before the hearing thereof, the appellant procured the appointment of such guardian.
2. Notice of the application for the appointment of a guardian *ad litem*, need not be given.
3. A note is not executed until it is signed and delivered, and an admission of the signing is not an admission of the execution.
4. Where the administrator of an insolvent estate, defending for the benefit of creditors against a claim, makes in his answer an improvident admission upon information and belief, he should be permitted, upon producing evidence to the contrary, to amend the answer by striking out such admission.

APPEAL from the Circuit Court for *Buffalo* County.

The defendant's intestate died in March, 1881. The plaintiff, *Elizabeth Hepp*, presented to the proper county court a claim against his estate, founded upon a promissory

note for $1,000, signed by the intestate, dated December 27, 1880, and payable to her five years after date, without interest. The defendant voluntarily interposed an answer to this claim, in which (1) he denies that the intestate ever delivered the note to the plaintiff; (2) he alleges that the note was signed without consideration, and the intestate never received any consideration thereafter for the same; (3) that when he signed it the intestate was intoxicated, and the plaintiff took undue advantage of him and obtained his signature to the note without his being able to understand the nature and obligation of the instrument, and that he never thereafter ratified it; (4) "that said note was signed with the express understanding that said plaintiff should work for and remain with said deceased for a period of five years from the date thereof, and if said plaintiff would not work the full term of five years the note to be null and void, and that said plaintiff did not work the full term of five years, but only three or four months thereof;" (5) that the estate of the intestate is insolvent; and (6) that the claim is fictitious, and a fraud upon the creditors of the estate. The whole answer is made on information and belief.

In June, 1882, a hearing was had in the county court, which resulted in the disallowance of the claim. The plaintiff thereupon appealed to the circuit court from the order of disallowance. The notice of such appeal is signed by her attorney. In October, 1882, the defendant moved the circuit court to dismiss the appeal. The motion was based on an affidavit showing that the plaintiff was a minor; that she would not reach the age of twenty-one years until February 10, 1883; and that no guardian had been appointed to prosecute the action for her. Before the hearing of the motion, the plaintiff procured the appointment by a court commissioner of Frederick Hepp as such guardian, without any notice to the defendant; and, that fact appearing, the circuit court denied the motion to dismiss the appeal.

The cause was tried in the circuit court, and the defend

ant introduced testimony tending to negative the delivery of the note by the intestate to the plaintiff, and to show that there was never any consideration for the note; also tending to show that the deceased was intoxicated when he signed it, and was mentally incompetent to make a valid contract, and that the estate is insolvent.

During the trial the plaintiff claimed that the fourth subdivision of the answer above quoted admits the delivery of the note.

At the close of the testimony, counsel for defendant asked leave to amend the answer by striking out that paragraph. Leave was refused. The court directed a verdict for the plaintiff for $1,000, which the jury rendered accordingly. A motion by defendant for a new trial was denied on condition that plaintiff remit $130.40 from the verdict. This is understood to be the discount on the note from the date of the judgment until it should become due by its terms,— the note not drawing interest. The condition was complied with, and judgment was entered accordingly on March 7, 1884. The defendant appeals from the judgment.

*William Gale*, of counsel, for the appellant.

For the respondent there were briefs by *Theodore Buehler*, attorney, and *J. A. Tawney*, of counsel, and the cause was argued orally by *Mr. Buehler* and *Mr. A. L. Sanborn*.

Lyon, J. The assignment of errors herein and the arguments of counsel present three questions for determination. These are: (1) Should the appeal have been dismissed because it was taken before a guardian *ad litem* for the plaintiff was appointed? and, if not, (2) Should leave have been granted to amend the answer by striking out the fourth paragraph thereof? and (3) Does the evidence sustain the direction to the jury to find a verdict for the plaintiff? These questions will be considered in their order:

1. As to the appointment of a guardian *ad litem* for the plaintiff, we think the case is ruled by that of *Sabine v.*

*Fisher*, 37 Wis. 376, in which a female minor brought an action without the interposition of a guardian, and the court appointed a guardian for her during the trial, when it was disclosed that she was a minor. This was held not to be error. It was said in that case, on the authority of *Hafern v. Davis*, 10 Wis. 501, and *Wheeler v. Smith*, 18 Wis. 651, that, had the plaintiff procured the appointment of a guardian without leave (as the plaintiff did in this case) the judgment could not have been reversed on that ground. This plaintiff had reached the age of twenty-one years when the cause was tried. Had no guardian ever been appointed, the omission would not affect the judgment. It would be, at most, a technical irregularity which could not affect any substantial right of the defendant.

No notice to the defendant of the application for the appointment of a guardian was required. It was not an adversary proceeding in the action. The defendant had no more interest in it than a party has in the selection of an attorney by his opponent.

2. The fourth paragraph of the answer contains no admission of the delivery of the note. It only admits the signing thereof by the intestate. That he did sign it is an admitted fact in the case, but it does not follow that he delivered it to the plaintiff. Signing and delivery of an instrument constitute an execution thereof, but the mere signing does not. Fairly construed, the answer contains no admission in any portion of it of the delivery of the note, or that any consideration was ever paid for it. Both delivery and consideration are consistently denied, and are issues in the case. The plaintiff, in her testimony, denied the allegations in the fourth paragraph, and there was no evidence to the contrary.

Had that paragraph, or any other portion of the answer, contained an admission that the note was delivered, or that it was founded upon a good or valuable consideration, the

defendant should have had leave to strike out such admission whenever any testimony was given tending to show the want of delivery or consideration.   The defendant answered upon information and belief.   Presumably he had no definite personal knowledge of the facts alleged by him, and could answer in no other way.   Besides, the estate of the intestate was insolvent, and he was making defense to the action in the interest of creditors of the estate.   It would be most unjust, under such circumstances, to refuse leave to expunge from the answer an admission thus improvidently made. Such is not the spirit of our statutes relative to the amendment of pleadings.

But because there is nothing in the paragraph of the answer sought to be stricken out which can prejudice the defense to the note in suit, the ruling of the court thereon is not a material error.

3. The bill of exceptions contains testimony abundantly sufficient to send at least one, and, in a certain contingency, three questions of fact to the jury.   These are: (1) Did the intestate ever deliver the note in suit to the plaintiff? If answered in the negative that defeats the plaintiff's claim. If answered in the affirmative, then, (2) Was there any consideration for the note? and (3) Was the intestate mentally competent, when he executed the note, to bind himself thereby?   These questions, of course, should go to the jury under proper instructions (if asked for) as to the law applicable to them.

It is not deemed necessary to discuss or even to state the testimony on these questions.   It is sufficient to say that we find in the record sufficient testimony to support a negative answer to each of the questions.   Either of them so answered defeats the plaintiff's claim.   It was clearly error to direct a verdict for the plaintiff.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.