Goebel and another vs. Thieme.

GOEBEL and another, Appellants, vs. THIEME, Respondent.

*May 3 — May 23, 1893.*

**Wills: Power to sell land: Conditions precedent.**

A testator devised land to his wife for her life, and provided that after her death it should be sold and of the proceeds a certain sum be paid to his son and the balance to his daughter. The will also prohibited the wife from selling the land unless she and the son and daughter should all agree upon the sale. *Held,* that in the absence of proof of an agreement by all three, a conveyance or mortgage by the wife and daughter was a nullity, even though the son had been paid the sum mentioned out of the proceeds.

APPEAL from the Circuit Court for *Sheboygan* County.

On December 17, 1872, Henry Goebel, husband of the plaintiff *Rosine*, and father of the plaintiff *Ernestine Thieme*, died, leaving a will executed by him April 11, 1872. This will was admitted to probate January 27, 1873, and, omitting the formal parts, was as follows, to wit:

" I give and bequeath unto my beloved wife, *Rosine Goebel*, all my real estate and land lying and being in the county of Sheboygan, to have and to hold the same to her own use and benefit as long as she shall live, *but without the privilege to sell the land;* and I also give and bequeath to her all my personal property, money and credits, goods and chattels, of what kind and nature soever, to have and to hold the same to her own, and as her own property, forever. And I also *further hereby order that after the death* of my said beloved wife, *Rosine Goebel,* the said land shall be sold, and out of the money received therefor my son, August Goebel, shall receive the sum of $200, and the remainder of the purchase money for said land shall be paid to my beloved daughter, *Ernestine Thieme,* formerly *Ernestine Goebel;* and I do hereby appoint my beloved wife, *Rosine,* sole executrix of this, my last will and testament, hereby

revoking all former wills by me made. *I do further order that in case my beloved wife and my said beloved son and daughter shall agree together upon the sale of the said land, then my wife shall have the right to sell, and pay the above sums, according to the above conditions, out of the money what she shall get for the same.*"

On October 27, 1884, the said *Rosine* mortgaged a part of said land to one Zimmerman for $200, borrowed money, and which mortgage was then recorded. On May 1, 1886, the said *Rosine* and *Ernestine* together mortgaged all of said land to said Zimmerman for $400, borrowed money, and the same was recorded. At some time prior to September 7, 1888, the said Zimmerman commenced the foreclosure of said mortgages, and on said last-mentioned day the defendant, who was the husband of the said *Ernestine*, paid said Zimmerman on said mortgages about $800, and took an assignment of both of said mortgages, which assignment was thereupon recorded. At the same time and place the said *Rosine* and the said *Ernestine* conveyed by quitclaim deed to the defendant the said real estate, consisting of thirty-five acres, without any consideration except the money so paid by him to said Zimmerman. Said thirty-five acres of land was at that time worth $100 per acre, or in the aggregate the sum of $3,500.

On January 18, 1891, the plaintiffs commenced this action to set aside said mortgages and the assignments thereof to the defendant, and to have said quitclaim deed from the plaintiffs to the defendant set aside and adjudged to be null and void, and alleged, in effect, the facts stated. The defendant answered and in effect admitted most of the facts stated.

On the trial of the cause the court found as matters of fact, in effect, that the quitclaim deed from the plaintiffs to the defendant was made and executed by the plaintiffs

with full knowledge and information as to the contents and purport thereof, and for a valuable consideration, to wit, the payment of the said mortgages; that the provision or legacy in favor of said August Goebel, under the will, was paid and satisfied by the plaintiffs prior to said conveyance to the defendant. And as conclusions of law the court found, in effect, that the defendant was and is entitled to have the complaint herein dismissed, but without prejudice to any right of action on the part of the plaintiffs to have the said deed to the defendant declared an equitable mortgage, and for redemption therefrom, if the plaintiffs should be so advised; and that the defendant have judgment against the plaintiffs for his costs and disbursements of this action; and judgment was entered thereon accordingly. From the judgment so entered the plaintiffs appeal.

*Geo. W. Foster*, for the appellants, argued, among other things, that where a power to sell is conferred upon the joint discretion of three it cannot be executed by the discretion of two. *Cumming v. Williamson*, 1 Sandf. Ch. 17; *Waldron v. McComb*, 1 Hill, 111; *Bloomer v. Waldron*, 3 id. 361; *Soens v. Racine*, 10 Wis. 271; *Barber v. Cary*, 11 N. Y. 397; 4 Kent, Comm. 327–330; *Towle v. Ewing*, 23 Wis. 336; *Jones v. Jones*, 66 id. 310.

For the respondent there was a brief by *Seaman & Williams*, and oral argument by *Francis Williams*.

CASSODAY, J. The will devised to the widow only a life estate in the lands in question. She was by the express terms of the will prohibited from selling the land at all, except upon the condition precedent that she and her son, August, and her daughter, *Ernestine*, should together agree upon the sale of the land. The defendant claims title to the land by virtue of the quitclaim deed from the plaint-

iffs. There is no evidence that August ever agreed with his mother and sister that such deed should be made. Without such agreement, no valid deed of the land could be made during the life of the widow. She could only lawfully convey by virtue of the power given to her by the will. As the defendant claims under the deed, the burden was upon him to prove the performance of such condition precedent; that is to say, that such agreement was made by the three, all together, and that the deed was made in pursuance of such agreement. No such proof was made. We must assume, therefore, that the three never so agreed. It follows that the deed was executed without authority and contrary to the express terms of the will, and hence must be regarded as a nullity.

What has been said respecting the deed applies equally to the mortgages. They were, in legal effect, conveyances given without authority and contrary to the express provisions of the will, and hence must be regarded as null and void. *Rowell v. Williams*, 54 Wis. 636.

The question involved being one of power, it is immaterial whether the deed was executed by the plaintiffs or either of them with knowledge of its contents or for a valuable consideration, and the same is true in respect to the respective mortgages. For the same reason it is immaterial whether, prior to such conveyance, August had been paid $200 or any other sum. The manifest purpose of the will was to furnish a sure and permanent home for the widow during her life, and "*after*" her death to have the land sold and the proceeds thereof distributed as therein directed, except that the land might be sold prior to her death upon the single condition precedent named. Besides, after a careful examination of the evidence, we are convinced that the mortgages were given for money borrowed to pay expenses and support the defendant's family, and hence were given for his benefit. This being

so, the payment of the mortgages by him was, in equity, simply a payment of his own indebtedness.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with direction to enter judgment in favor of the plaintiffs in accordance with the prayer of the complaint.