WEBBER, by guardian, Appellant, vs. WARD, Respondent.

*November 30 — December 15, 1896.*

*Practice: Infants: In whose name action may be prosecuted: Waiver of objection.*

1. Objection that an action for the benefit of a minor has not been commenced in the name of the proper person, being merely a matter in abatement, is waived unless taken by demurrer or answer.

[2. Whether an action for false imprisonment may be prosecuted in the name of an infant by his general guardian, under sec. 3982, R. S., not determined.]

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

The case is stated in the opinion.

*Henry L. Buxton,* for the appellant.

For the respondent there was a brief by *Chafin & Parkinson,* attorneys, and *W. C. Williams,* of counsel, and oral argument by *E. W. Chafin.*

CASSODAY, C. J. The complaint alleges, in effect, that October 16, 1890, Horace N. Campbell was duly appointed the guardian of the person and estate of the plaintiff, *Harry J. Webber;* that thereupon Campbell duly qualified as such guardian; that September 6, 1892, at Waukesha, the defendant, maliciously intending to injure the plaintiff in his good reputation, and without any probable cause, procured the plaintiff to be arrested and imprisoned; that October 4, 1892, the district attorney dismissed the prosecution and found *Webber* not guilty of the offense charged. At the opening of the trial the defendant demurred to the complaint *ore tenus,* and the same was sustained by the trial court. From the judgment entered thereon accordingly, the plaintiff brings this appeal.

The ruling of the trial court is sought to be justified on

the ground that such action cannot be maintained, as here, in the name of the ward by his general guardian, but only by the ward personally, or in his name by his guardian *ad litem.* Counsel cite in support of such contention *King v. Cutts,* 24 Wis. 625. But that action was in the name of the guardian, and not in the name of the ward by the guardian, as here. The statute provides, in effect, that "Every guardian, . . . whether for a minor or any other person, . . . may demand, sue for, collect and receive all debts due to him, or may, with the approbation of the county court, compound and discharge the same on receiving a fair and just dividend from the debtor's estate, *and he shall appear* for and represent his ward in *all actions* and proceedings, *except* where another person is appointed for that purpose." R. S. sec. 3982. Assuming that the contention of the defendant's counsel is correct as to the manner in which the action should have been commenced, yet the objection does not go to the cause of action, nor to the jurisdiction of the court, but is, at most, merely a matter in abatement, to the effect "that the plaintiff has not legal capacity to sue." R. S. sec. 2649, subd. 2; *State ex rel. Cornish v. Tuttle,* 53 Wis. 45; *Plath v. Braunsdorff,* 40 Wis. 107; *Hepp v. Huefner,* 61 Wis. 148; *Murray v. McGarigle,* 69 Wis. 483. Where no such objection is taken, either by demurrer or answer, the defendant is deemed to have waived the same. R. S. sec. 2654; *Moir v. Dodson,* 14 Wis. 279; *Manseau v. Mueller,* 45 Wis. 430; *Wood v. Union G. C. B. Asso.* 63 Wis. 14. It follows that the demurrer *ore tenus* was improperly sustained.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause is remanded for a new trial.