Dorothy vs. Richmond.

---

DOROTHY, Appellant, vs. RICHMOND, Respondent.

*September 27 — October 12, 1900.*

*Appeals from justice's court: Trials* de novo: *Review of orders of justice of the peace.*

Where a plaintiff has appealed from a final judgment rendered in justice's court, dismissing the action for noncompliance with an order requiring security for costs, and made the affidavit entitling him to a new trial, the filing of the record in the circuit court gives pendency to the action in that court, where it is entitled to a trial on the merits, and the propriety or impropriety of the justice's action in ordering security for costs, or dismissing the action for noncompliance with such order, is not the subject of review.

APPEAL from an order of the circuit court for Polk county: A. J. VINJE, Circuit Judge. *Reversed.*

Plaintiff sued defendant in justice's court upon a contract demand of $100. Upon appearance of the parties, security for costs was demanded, and ordered by the justice, and peremptorily refused by the plaintiff, whereupon the action was dismissed. Plaintiff, within the time limited by law, gave due notice and affidavit for appeal to the circuit court for Polk county, accompanied by an affidavit for trial *de novo*, in compliance with sec. 3768, Stats. 1898. At the

first term after filing the return on said appeal, namely, on
the 12th day of September, 1899, with no intermediate steps
of record, an order was entered dismissing the appeal, with
$10 costs, from which order the plaintiff appeals.

The cause was submitted for the appellant on the brief
of *H. P. Burdick*, and for the respondent on that of *Nils
P. Haugen*.

DODGE, J.   The case of *Steinam v. Schulte*, 83 Wis. 567, is
conclusive of the question here presented.   The plaintiff had
appealed from a final judgment, and made affidavit entitling
him to a new trial, so that the question of the propriety or
impropriety of the justice's action in ordering security for
costs, or in dismissing the action for noncompliance there-
with, was not the subject of review.   Upon the appeal being
perfected in the manner prescribed by the statute, the filing
of the record in the circuit court gave pendency to the action
in that court, where it was entitled to a trial on the merits.
The considerations urged by respondent, of hardship to him,
are matters for the legislature, but cannot justify disobedi-
ence of their behests by the court.   If security for costs was
necessary to defendant's protection, he had an easy remedy,
by application to the circuit court, under sec. 2942, Stats.
1898.

*By the Court.*— The order appealed from is reversed, and
the cause remanded for further proceedings according to
law.

CASSODAY, C. J., took no part.