SIMANEK, Respondent, vs. NEMETZ, Appellant.

*November 19—December 11, 1903.*

*Appeal from justices' courts: Trial* de novo: *Security for costs: Discretion: Deeds: Covenant of warranty: Breach: Landlord and tenant: Conversion of growing vegetables: Replevin: Parol evidence: Estoppel.*

1. Where an appeal from a justice's court gives the parties the right to a trial *de novo*, and the justice had ordered security for costs which was not given and the action dismissed for that reason, an application to the circuit court to require security for costs is addressed to the discretion of that court, and is not subject to review except where there has been an abuse thereof.

2. Plaintiff conveyed by warranty deed certain lands, part of which had theretofore been leased by parol for six months. The tenant entered into possession and during the term of his lease planted and cultivated therein vegetables. After the delivery of the deed, and before the expiration of this term, the tenant assigned to plaintiff his lease and interest in the growing vegetables. The grantee in the deed thereafter entered upon the demised premises and converted to his own use the vegetables so raised thereon. Plaintiff thereupon brought replevin for such vegetables. *Held*, that the warranty deed was not conclusive as against plaintiff's right to the vegetables growing upon the land at the time the deed was given.

3. In such case, parol evidence as to the purchase and sale of the real estate, and the conditions thereof, and the vegetables growing thereon, is admissible.

4. In such case, the tenant had an absolute right to the vegetables not only as against plaintiff, but as against the grantee, and had the right to sell and transfer the same to plaintiff.

5. Crops, such as vegetables, which require to be planted or sown annually are no part of the realty, and the mere sale of such growing crops operates to sever it from the realty so that they will no longer be included in a conveyance of the land.

6. Plaintiff having executed a valid lease of his realty, and put the
tenant in possession, conveyed the land by warranty deed. The
tenant cropped the demised premises with vegetables. Before
the expiration of the term the tenant assigned to plaintiff his
lease and his interest in the growing vegetables. *Held*, that
the crop of vegetables was personal property, and that plaintiff
was not estopped by the covenants of his deed from acquiring
the title and possession of the vegetables, and holding the same
as against his grantee.

APPEAL from a judgment of the circuit court for Ke-
waunee county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

This action was commenced in justice's court to recover
$20 damages for the wrongful conversion on September 26,
1901, of certain vegetables raised on certain premises de-
scribed. After the venue had been changed, the plaintiff was
ordered to give security for costs. On his failure to do so the
justice dismissed the case with costs, and entered judgment
accordingly. Thereupon the plaintiff appealed therefrom to
the circuit court. The defendant then renewed his motion
to require the plaintiff to give security for costs, which was
denied by the circuit court October 22, 1901, and in the same
order the defendant, who was in default, was allowed to an-
swer, and the defendant was ordered to pay to the plaintiff's
attorney $10 costs of motion. The defendant then answered
the complaint, and, in addition to a general denial, justified
under a warranty deed with full covenants, and without res-
ervation, from the plaintiff and wife to the defendant's son,
executed and delivered June 26, 1901, of certain lands, in-
cluding the land on which the vegetables were raised, and
that in taking possession of the vegetables the defendant
acted as the agent of his son, the grantee in such deed. The
cause was thereupon refered to a referee to hear, try, and
determine. A trial being had before the referee, he reported
his findings of fact and conclusions of law August 26, 1902,
to the effect that April 13, 1901, the plaintiff was the owner
of the house and one acre of land described, and in considera-

tion of $20 rent, then paid to him, leased the house and the
east half of the acre of land to one Skala for the term of six
months, and that Skala took immediate possession; that June
26, 1901, the plaintiff and wife, by warranty deed, conveyed
the whole of the acre to the defendant's son, who received
such deed with full knowledge of Skala's lease and interest;
that from April 13, 1901, to July 2, 1901, Skala planted,
sowed, and cultivated the half acre of land and raised vege-
tables thereon, and then assigned to the plaintiff his lease and
interest therein, and the plaintiff thereupon continued to cul-
tivate the land until September 26, 1901, when the defend-
ant, under authority from his son, entered upon the premises,
and converted to his own use the vegetables so raised thereon,
to the damage of the plaintiff in the sum of $20. October 20,
1902, the defendant moved the court to set aside all of the
findings of the referee except as to the execution and de-
livery of the deed, which motion was denied by the court
November 29, 1902, whereupon the referee's report was
amended by finding that the plaintiff made due demand for
the vegetables before the commencement of the suit; and the
findings of the referee, so amended, were in all things con-
firmed by the court. From the judgment entered thereon the
defendant brings this appeal.

The cause was submitted for the appellant on the briefs of
John Wattawa, and for the respondent on that of O. H.
Bruemmer and George W. Wing.

CASSODAY, C. J. 1. The appeal to the circuit court gave to
the respective parties the right to a trial de novo in that court.
That court was at liberty to require the plaintiff to give se-
curity for costs in case it was made to "appear reasonable
and proper" for it to do so. Sec. 2942, Stats. 1898; Dorothy
v. Richmond, 107 Wis. 652, 83 N. W. 768. But such appli-
cation was addressed to the sound discretion of that court,
and this court is not at liberty to interfere with such ruling,

except where there has been an abuse of such discretion. *Cullen v. Hanisch,* 114 Wis. 24, 29, 89 N. W. 900. We find no such abuse in the case at bar.

2. It is urged that the findings of the referee are not reviewable for want of exceptions, as prescribed by statute (secs. 2870, 2871, 2873, Stats. 1898). *Small v. Prentice,* 102 Wis. 256, 78 N. W. 415; *Momsen v. Atkins,* 105 Wis. 557, 563, 81 N. W. 647. Here no exceptions were filed until several months after the entry of judgment.

3. But the principal question involved is presented by the refusal of the referee and court to strike out all parol testimony as to the purchase and sale of the real estate, and the conditions thereof and the crops and vegetables growing thereon. The contention is that the deed from the plaintiff and wife to the defendant's son is conclusive against the plaintiff's right to any portion of the crops and vegetables growing upon the land at the time the deed was given. It is undisputed that the plaintiff had leased the house and the half acre of land upon which the crops and vegetables were grown to one Skala some two and one half months prior to the execution of the deed. That lease was by parol, and only for the term of six months. The statute expressly authorizes the making of a parol "lease for a term not exceeding one year." Sec. 2302, Stats. 1898. Skala paid the rent in advance, and immediately entered into the possession of the house and the half acre of land. There can be no question but that that lease was binding not only on Skala, but also upon the plaintiff. Had Skala remained in possession and continued to cultivate the land, there can be no doubt but that he could have held the crops as against the plaintiff or his grantee. Secs. 2194, 2195, Stats. 1898.

"The general rule of the common law is that growing crops form a part of the real estate to which they are attached, and from which they draw nourishment; and, unless there has been a constructive severance of them from the land, they

follow the title thereto. Thus, in the case of a voluntary conveyance of land they pass to the grantee, unless specially reserved by the grantor; or, in the case of a lease of the land the crops pass to the lessee unless expressly reserved." 8 Am. & Eng. Ency. of Law (2d ed.) 303, 304.

The reason for the rule is obvious. Ordinarily, the deed or lease of the land puts the grantee or lessee in possession, and any attempt on the part of the grantor or lessor to reenter and harvest the crops without permission would be a trespass. Skala's possession was of itself constructive notice to the grantee in the deed of his right to the crop as tenant. *Wickes v. Lake,* 25 Wis. 71; *Cunningham v. Brown,* 44 Wis. 72; *Coe v. Manseau,* 62 Wis. 81, 88, 22 N. W. 155; *First Nat. Bank v. Chafee,* 98 Wis. 42, 47, 73 N. W. 318. Besides, there is evidence tending to prove that he had actual notice of Skala's lease. Such evidence appears to be admissible. *Pringle v. Dunn,* 37 Wis. 449; *Brinkman v. Jones,* 44 Wis. 498; *Helms v. Chadbourne,* 45 Wis. 60; *Rowell v. Williams,* 54 Wis. 636, 12 N. W. 86. This court has recently held:

"Where the relation of landlord and tenant exists, even though the rent is to be paid in kind, the title to the crops is in the tenant until division is made, unless the contract specifically provides to the contrary." *Rowlands v. Voechting,* 115 Wis. 352, 91 N. W. 990.

It is unlike the case of a mere cropper, where the title to the crop remains in the owner of the land. *Kelly v. Rummerfield,* 117 Wis. 620, 94 N. W. 649. Neither is the question involved as to whether the defendant's son, as grantee in the deed, had any right to collect rent of Skala; since, as indicated, Skala paid the full amount of the rent in advance. See secs. 2194, 2195, Stats. 1898. Thus it appears that Skala had the absolute right to the crop, not only as against the plaintiff, but also as against the defendant's son, as such grantee, for several days after the execution and delivery of

the deed.  As such owner, Skala had the right to sell and transfer the crops to whomsoever he pleased.

4. The only remaining question is whether the plaintiff, by reason of having given the warranty deed to the defendant's son, was estopped from taking an assignment or transfer of the crop and holding it as against the son as such grantee in the deed.  The argument is that the outstanding lease in Skala was a breach of the covenants in the deed, and that when the plaintiff acquired title to the crop it inured to the benefit of his grantee, and that he cannot be allowed to set up title to the crops to defeat his own absolute grant.  The fallacy in the argument consists in the assumption that the crop in question, as between the plaintiff and his grantee, was a part of the real estate.  The general rule is that all crops which require to be planted or sown annually are *"fructus industriales,"* and "may be sold by parol as personal property," and "pass to the personal representative to be administered as personal property."  8 Am. & Eng. Ency. of Law (2d ed.) 302.  Such crops are subject to seizure and sale on execution or attachment.  Id. 308; *Whipple v. Foot,* 2 Johns. 418, 3 Am. Dec. 442; *Smith v. Tritt,* 18 N. C. (1 Dev. & B.) 241, 28 Am. Dec. 565; *Heard v. Fairbanks,* 5 Met. 111, 31 Am. Dec. 394; *Backenstoss v. Stahler's Adm'rs,* 33 Pa. St. 251, 75 Am. Dec. 592; *Flynt v. Conrad,* 93 Am. Dec. 588; *Willis v. Moore,* 59 Tex. 628, 46 Am. Rep. 284; *Polley v. Johnson,* 52 Kan. 478, 35 Pac. 8, 23 L. R. A. 258; *Mabry v. Harp,* 53 Kan. 398, 36 Pac. 743; *Erickson v. Peterson,* 47 Minn. 525, 50 N. W. 699.  Several of these cases, and many others which might be cited, support the proposition that parol evidence is admissible to show that at the time of conveying the land such crops were reserved or severed.  There are adjudications the other way.  The general rule is stated by Mr. Freeman thus:

"Crops, whether growing or standing in the field ready to be harvested are, when produced by annual cultivation, no

part of the realty. They are, therefore, liable to voluntary transfer as chattels. It is equally well settled that they may be seized and sold under execution."

Such propositions are supported by the citation of numerous adjudications. 1 Freeman, Executions (3d ed.) § 113, and 3 Freeman, Executions, § 349b. In this last section it is said, among other things, that "the mere sale of a growing crop operates to sever it from the realty, so that it will no longer be included in a voluntary or involuntary transfer of such realty." This court has often recognized the right to give a valid chattel mortgage upon such growing crops. *Comstock v. Scales*, 7 Wis. 159; *Lanyon v. Woodward*, 55 Wis. 652, 657, 13 N. W. 863; *Lamson v. Moffat*, 61 Wis. 153, 21 N. W. 62; *Merchants' & M. S. Bank v. Lovejoy*, 84 Wis. 601, 609, 55 N. W. 108. On the other hand, "those crops which grow from perennial roots, and which do not require the annual labor of the owner to bring them into existence, are called *fructus naturales*," and pass to the heir at law or devisee as a part of the real estate. Id.; *Rogers v. Elliott*, 59 N. H. 201, 47 Am. Rep. 192; *Kirkeby v. Erickson* (Minn.) 96 N. W. 705; *Sparrow v. Pond*, 49 Minn 412, 52 N. W. 36. It is unnecessary to continue the discussion. We must hold that the crop in question was personal property, and that the plaintiff was not estopped by his deed from acquiring the title and possession to the same and holding the same as against his grantee, and the defendant acting under him.

*By the Court.*—The judgment of the circuit court is affirmed.