REDLIN, by next friend, Appellant, vs. WAGNER, Respondent.

*March 23—April 13, 1915.*

*Justices' courts: Failure to give security for costs: Dismissal of action: Appeal: Infants: Appointment of next friend: Jurisdictional defect: Statutes: Construction.*

1. A justice's judgment dismissing an action upon failure to give security for costs in compliance with an order made under sec. 3782, Stats., is appealable; and upon appeal the circuit court acquires jurisdiction and may require security for costs.

2. Failure to have a "next friend" appointed for an infant plaintiff under sec. 3613, Stats., and to institute his action in the name of such friend is not a jurisdictional defect.

3. Although the language of said sec. 3613, Stats., is mandatory, it must be read in connection with sec. 2829, with reference to nonmateriality of matters "which shall not affect the substantial rights of the adverse party."

APPEAL from an order of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

Action to recover compensation for injuries caused by an assault and battery. It was begun in justice's court. Upon the return day an affidavit of prejudice was filed on behalf of the defendant. Thereupon the cause was duly transferred to the next nearest justice. There was then an adjournment by consent without issue having been joined. Upon the adjourned day plaintiff made due complaint for recovery of damages and moved the court for leave to amend so as to stand in the name of the claimant by his next friend, he being a minor. The motion was granted and the name of a next friend duly entered. Defendant, under protest that the change aforesaid was improper, answered, counterclaiming for damages and demanded security for costs. The motion was granted. Thereupon L. J. Somers offered to sign the docket as surety. The court refused to accept Mr. Somers as surety and because of plaintiff's refusing otherwise to comply with the court's order, it dismissed the action with costs. The cause was duly removed, by appeal, to the circuit court where it was dismissed because the cause was not commenced by a next friend instead of by the minor in his own name.

For the appellant there was a brief by *Somers & Velte,* and oral argument by *L. J. Somers.*

For the respondent the cause was submitted on the brief of *Henry Fitzgibbon.*

MARSHALL, J. This appeal presents two questions which may be briefly stated and answered.

Upon failure to give security for costs in compliance with

an order in justice's court to do so under sec. 3782, Stats., may the justice enter a judgment of dismissal which may be appealed from, affording the circuit court jurisdiction of the action? That is ruled in the affirmative by *Steinam v. Schulte,* 83 Wis. 567, 53 N. W. 844; *Dorothy v. Richmond,* 107 Wis. 652, 83 N. W. 768; and *Simanek v. Nemetz,* 120 Wis. 42, 97 N. W. 508. In such a case the appellate tribunal may require security for costs to be given.

Is failure to have a "next friend" appointed for an infant plaintiff under sec. 3613 and to institute his action in the name of such friend a jurisdictional defect? That is ruled in the negative by *Hafern v. Davis,* 10 Wis. 501; *Sabine v. Fisher,* 37 Wis. 376; *Hepp v. Huefner,* 61 Wis. 148, 20 N. W. 923; and *Webber v. Ward,* 94 Wis. 605, 69 N. W. 349.

True, the section referred to is in mandatory language, but it must be read in connection with sec. 2829 with reference to nonmateriality of matters "which shall not affect the substantial rights of the adverse party." One of the earliest of our decisions so declared. *Hafern v. Davis, supra.* The court there gave the deserved significance to such section, which was somewhat lost sight of for a time. It was said, in speaking of the matter: "All objections not going to the merits of the action or defense seem to be swept out of existence."

The result is that the trial court decided right on the first question, but wrong on the second.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.