GREEN, by guardian *ad litem,* Respondent, vs. APPLETON WOOLEN MILLS, Appellant.

*December 10, 1915—January 11, 1916.*

*Infants: Guardians* ad litem: *Appointment: Master and servant: Injury: When Compensation Act applicable: Minors: Prohibited employment: Dangerous machinery: Constitutional law: Obligation of contracts: Police power: Evidence: Competency: Special verdict: Issues: Instructions to jury: Excessive damages.*

1. Sec. 2613, Stats., providing that a guardian *ad litem* for an infant may be appointed by the court in which the action is prosecuted or by a judge thereof, does not require that such guardian *must* be so appointed.

2. Where at the trial of an action in circuit court objection was

made that plaintiff's guardian *ad litem* had been appointed by the county court, the circuit court might cure the irregularity, if any, by appointing the same person and proceed with the trial.

3. Where an employee whose contract of employment was made before his employer became subject to the Workmen's Compensation Act (ch. 50, Laws 1911) was injured after the employer came under that act but before he himself had made an election and within the thirty days during which he might do so, the act did not apply.

4. Sub. 2, sec. 1728a, Stats. 1911, prohibiting the employment of minors under the age of sixteen years in operating certain dangerous machinery, including carding machines having live rolls into which the hands of the operator might be drawn, is a valid exercise of the police power.

5. In an action for injuries sustained by a minor while employed, in violation of said statute, in operating a carding machine, evidence that the machine was not dangerous was properly excluded.

6. Such a statute cannot be said to impair the obligation of an existing contract of employment of a minor which was not made for any definite term; but even if the contract had been made for a term extending beyond the time of an accident which occurred after the passage of the law, its abrogation by the law was a legitimate exercise of the police power.

7. There being no dispute as to the fact of injury while operating the carding machine; the defendant employer being liable because it violated the statute; contributory negligence not being a·defense; and it being obvious that if plaintiff had not been employed on the machine he would not have been injured while operating it, so that there was no issue as to proximate cause,— the trial court properly submitted to the jury only the question of damages.

8. Where the charge, read as a whole, was fair and correct and not at all calculated to mislead the jury or prejudice the appellant, criticism of detached sentences therein is not of consequence.

9. An award of $4,500 for a severe injury to the arm of a boy under sixteen years of age who was employed in operating a carding machine in violation of law, is *held* not so excessive that this court should interfere.

Appeal from a judgment of the circuit court for Outagamie county: John Goodland, Circuit Judge. *Affirmed.*

On October 13, 1911, plaintiff was employed by the defendant and was fifteen years old. He was injured while

engaged in the operation of a carding machine, and brings this action to recover damages for such injury. The machine at which he was employed consisted of a large middle or center roller, around which revolved a number of smaller rollers, the surface of the smaller rollers being coated with a wire mesh, brush-like with very small teeth, and by means of this combination of rollers the wool was drawn into the machine and combed or carded. In front of the carding machine there was a rack upon which there were a number of revolving spools, and from these spools strands or roves of wool were fed into the machine. It was the duty of the plaintiff to take care of the wool as it traveled from the spools to the machine and when the roves broke to feed them in between the fingers or guides near the bottom of the machine, from which place the strands of wool were again picked up by the rollers. While engaged in this work his left arm came in contact with the rollers and was drawn in and injured.

The amended complaint charged the defendant with liability by reason of its failure to warn plaintiff of the danger incident to his employment, alleged that the machine was defective and unsafe and not properly guarded, and that the carelessness and negligence of the defendant in this respect was the proximate cause of plaintiff's injury. The complaint also alleged that defendant had not come under the provisions of ch. 50, Laws 1911, and that plaintiff had not accepted the provisions of said act. The amended answer denied liability on the part of the defendant and alleged contributory negligence on the part of plaintiff, alleged that the defendant had elected to come under the provisions of ch. 50 of the Laws of 1911, and that plaintiff had come under said act, and that ch. 479, Laws 1911, was unconstitutional.

The following special verdict was returned, all of the questions being answered by the court except the question of damages:

"(1) Did the plaintiff on October 3, 1911, receive an in-

jury to his left arm while in the defendant's employ?
*A.* (by the court). Yes.

"(2) Was the plaintiff at the time of the injury a boy
under the age of sixteen years? *A.* (by the court). Yes.

"(3) Was the plaintiff at the time of the injury assisting
in operating a carding machine in the mill of the defendant?
*A.* (by the court). Yes.

"(4) Was the plaintiff at the time of the injury employed,
suffered, and permitted by the defendant to assist in operat-
ing a carding machine? *A.* (by the court). Yes.

"(5) At what sum do you assess the damages of the plaint-
iff? *A.* Four thousand five hundred dollars ($4,500)."

From a judgment entered on such verdict defendant ap-
peals.

For the appellant the cause was submitted on the brief of
*Francis S. Bradford.*

For the respondent there was a brief by *Rooney & Grogan,*
attorneys, and *Greene, Fairchild, North, Parker & McGil-
lan,* of counsel, and oral argument by *J. H. McGillan.*

BARNES, J.     The appellant argues that the judgment is
erroneous (1) because no guardian *ad litem* was properly ap-
pointed; (2) because the case falls within the Workmen's
Compensation Act; (3) because so much of sub. 2, sec. 1728a,
Stats. 1911 (ch. 479, Laws 1911), as prohibited the employ-
ment of minors under the age of sixteen years in operating
carding machines is void as to defendant, in that it impaired
the obligation of a contract; (4) because such portion of said
act denies due process of law, in that it is arbitrary and not
the result of a legitimate exercise of the police power, and is
therefore void; (5) because defendant was not permitted to
offer evidence to show that carding machines like the one in
question were not dangerous; (6) because the special verdict
is incomplete, in that it fails to find negligence, proximate
cause, or that the machine was a dangerous one, or one on
which a minor under the age of sixteen years might not be

employed under the statute; (7) because the court erred in charging the jury; and (8) because the damages are excessive.

The guardian *ad litem* was appointed by the county court, and it is claimed that under sec. 2613, Stats., the appointment should have been made by the court or a judge of the court in which the action was to be prosecuted. On objection being made on the trial, the circuit court named the appointee of the county court as guardian and ordered the trial to proceed.

Sec. 2613 provides that the guardian *may* be appointed by the court in which the action is prosecuted or by a judge thereof. It does not require that a guardian *must* be so appointed. But if there was any irregularity about the appointment it did not affect the cause of action, but amounted to a disability to bring it, and the court clearly had the right to appoint a guardian on the trial and proceed to try the action. *Hepp v. Huefner,* 61 Wis. 148, 20 N. W. 923; *Sabine v. Fisher,* 37 Wis. 376; *Redlin v. Wagner,* 160 Wis. 447, 152 N. W. 160; *Hafern v. Davis,* 10 Wis. 501; *Smith v. Peckham,* 39 Wis. 414, 418; *Webber v. Ward,* 94 Wis. 605, 69 N. W. 349.

On October 2, 1911, the defendant elected to come under the provisions of the Workmen's Compensation Act. The accident happened on the day following. The plaintiff had not exercised his right of election. It is obvious that the act did not apply to him, because his contract of employment was made before the employer became subject to the terms of the act, and the thirty days within which he might make an election under sub. (2) of sec. 2394—8 had not expired when he was injured.

We shall spend little time in discussing the constitutional questions. The right of the legislature to prohibit the employment of minors around dangerous machinery, who have not reached the age of sound discretion, is recognized by the

courts generally, if not universally. It has been recognized by this court at all times and in numerous cases. Primarily it is for the legislature to say when the youthful mind and judgment become sufficiently mature so that a minor may properly be permitted to engage in a hazardous occupation. The limit here has been fixed at the age of sixteen, and the lawmaking power was acting clearly within its discretion in placing it there. So, too, the legislature were justified in putting a machine having live rolls into which the hands of the operator might be drawn, such as the carding machine in question, on the prohibited list, and the court properly rejected testimony tending to show that the machine was not dangerous. The fact of injury would seem, in a measure at least, to demonstrate the necessity for and wisdom of the law. Perhaps as many cases of injuries caused by live rolls have come before this court as can be charged up to any other one cause, and in many of the cases the argument has been advanced in good faith that the machine was absolutely safe. If the statute had simply forbidden the employment of the minor at a dangerous machine, the question whether the machine was dangerous would ordinarily be for the jury. But legislators, bringing to bear their knowledge and experience, may very properly place machines having power-driven rolls so located that the operator may get caught in a class of machines which those under sixteen years of age may not operate.

We do not find any evidence that the contract of employment was for any definite period of time, and hence do not see where the matter of violating any contract arises. The extent to which a minor may bind himself by contract is peculiarly within the field of legislative discretion. If the contract was made before the 1911 law was passed and extended beyond the time of the accident, the legislature might in the legitimate exercise of the police power abrogate it. *Manitowoc v. Manitowoc & N. T. Co.* 145 Wis. 13, 129 N. W. 925.

The only question the jury was asked to pass upon was the amount of damages. This was right. Under our former decisions defendant was liable because it violated the statute, and contributory negligence on the part of the plaintiff would not defeat his action. It is obvious that if plaintiff had not been employed on the machine he would not have been hurt while operating it; so there was no issue raised on proximate cause. *Pinoza v. Northern C. Co.* 152 Wis. 473, 140 N. W. 84; *Kowalski v. American C. Co.* 160 Wis. 341, 151 N. W. 805; *Sharon v. Winnebago F. M. Co.* 141 Wis. 185, 124 N. W. 299.

Four sentences found in the charge are excepted to and error is assigned as to each of them. The charge read as a whole was fair and correct and was not at all calculated to mislead the jury or to prejudice the defendant. It would serve no useful purpose to discuss these assignments of error in detail.

The damages assessed are high. The injury, however, was severe, and inasmuch as the trial court did not see fit to reduce the damages we cannot say that they are excessive to the extent that this court should interfere.

Complaint is also made about the offer in evidence of a photograph and the remarks of plaintiff's counsel in arguing the case to the jury. The photograph is not in the record, and, as we understand it, was withdrawn from evidence without having been shown to the jury. In any event there is no showing that defendant's rights were prejudiced by what transpired in reference to the photograph. Counsel for plaintiff do not seem to have gone outside of the usual latitude permitted in arguing cases to juries.

*By the Court.*—Judgment affirmed.