### WILLIAM F. SHIELDS v. THE STATE.

In the course of a trial upon an indictment the court excluded certain persons from the court-room. The action of the court was objected to, but no exception was taken thereto. The writ of error is returned with a record of the proceedings at the trial duly certified under the provisions of the supplement to the Criminal Procedure act, approved May 9th, 1894. *Gen. Stat., p.* 1154, ¿ 170. *Held*, that in the absence of an exception this court cannot consider whether the action of the court deprived plaintiff in error of his constitutional right to a public trial, but only whether it appears from the record of the proceedings returned, that he suffered manifest wrong or injury by such action.

On error.

---

The judgment returned with the writ of error is a judgment of conviction upon an indictment charging the crime of abortion.

The proceedings certified by the trial judge contain the following statement:

"In the progress of the trial, while the young woman, Lizzie Sliker, was on the stand giving her testimony she

became nervous and embarrassed by a great number of men, young and old, gazing upon her; she seemed unable to proceed with her testimony on that account, and in the interests of justice as well as of morality and decency, on account of the character of the testimony, and against the objection of defendant's counsel, I excluded from the court-room the general public having no connection with the case on either side, permitting officers of the court and members of the bar to remain. The defendant did not ask that any particular person, or number of persons, should remain, the objection being to the exclusion of the public generally."

Argued at June Term, 1897, before MAGIE, CHIEF JUS-TICE, and Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff in error, *George M. Shipman.*

For the state, *George A. Angle.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. The act of the trial judge in excluding persons from the court-room in the manner shown in the preceding statement forms the sole ground of complaint before us.

While that act was objected to by plaintiff in error, he took no exception to it, and that the judge did so act is not shown by any bill of exceptions, but only by a certificate made under the supplement to the Criminal Procedure act, approved May 9th, 1894 (*Gen. Stat., p.* 1154, § 170), returning with the writ of error what that act curiously calls the record of the proceedings at the trial.

It is obvious, therefore, that it is impossible to review the order complained of, as could be done if before us on a bill of exceptions, or to determine whether or not the trial judge lacked power to make such an order.

All that the court can do upon the proceedings before us is to determine whether or not, assuming that the action of the

trial judge was a matter of discretion, the plaintiff in error appears to have suffered manifest wrong or injury thereby.

This leads to the affirmance of the judgment below, for there is nothing to indicate that any wrong or injury was suffered by him by reason of that order.