Robert Standorf v. Benjamin F. Shockley and Sarah E. Shockley.

Opinion filed March 12, 1907.

**Equitable Mortgage — Form of Instrument.**

    1. An instrument in form a chattel mortgage, but evidently intended by the parties as security on real property, will be construed to be an equitable mortgage, and will be enforced as such as between the parties thereto and those having notice thereof.

**Same — Reformation Not Necessary to Foreclose.**

    2. It is not necessary to reform such instrument in order to enforce the same in a suit in equity.

Appeal from District Court, Stutsman County; *Burke, J.*

Action by Robert Standorf against Benjamin F. Shockley and Sarah E. Shockley. Judgment for plaintiff. Defendants appeal.

Affirmed.

*J. A. Coffey,* for appellants.

Where the terms of an instrument are uncertain, the intent governs. Rosenbaum v. Foss, 63 N. W. 538; 1 Jones on Mortgages, Sec. 60.

*Jerome Parks,* for respondent.

A wife is not a bona fide purchaser of land from her husband, when she knew the terms on which he bought the land, and the conveyance to her was in furtherance of an attempt to get the property for an inadequate consideration. Williams v. Hamilton et al. 73 N. W. 1029; McMaken v. Niles, 60 N. W. 199; Swartz v. Woodruf, 93 N. W. 1067; Lynch v. Englehardt—Winning-Davison Mercantile Co., 96 N. W. 524; Bucholz v. Leadbetter, 11 N. D. 473, 92 N. W. 830.

Fisk, J. The plaintiff, claiming to have a lien upon the real property described in the complaint, brought this action to foreclose the same; and from a judgment in his favor defendants have appealed to this court for trial de novo.

The facts out of which plaintiff's cause of action arises, and which are necessary to a correct understanding of the questions involved, are as follows. On October 31, 1899, one Edgar G. Cady, being the owner of the property in question, entered into a contract to sell

and convey the same to the plaintiff. On April 23, 1901, the plaintiff assigned his interest in this contract to the defendant, Benjamin F. Shockley, the latter agreeing to pay therefor the sum of $800 according to the terms of two promissory notes executed and delivered by him at that time to the plaintiff, one for $100, due November 1, 1901, and the other for $700, due November 1, 1902. He also executed and delivered to plaintiff an instrument in form of a chattel mortgage, which was prepared evidently by a person not learned in the law and of meager experience in business transactions, which instrument contains the following recitals: "Know all men by these presents, that I, B. F. Shockley,   *   *   *   for the purpose of securing payment of $800.00 and interest according to the conditions of two promissory notes (describing them) hereby sell and mortgage unto Robert Standorf of Courtenay, North Dakota, and his assigns, the following described property, now in my possession, owned by me and free from incumbrance, to wit: a certain contract dated October 31, 1899, made by Edgar G. Cady to Robert Standorf for the Southeast quarter of section twelve, township one hundred forty-three, range sixty-two, to be fulfilled by B. F. Shockley. If not fulfilled by B. F. Shockley, to revert back to Robert Standorf. This mortgage is for the purchase price of said land in part." It also contained other conditions common to chattel mortgages, including a power of sale to be exercised in case of default. The evidence does not show that this instrument was filed or recorded, but we deem this immaterial, as no rights of innocent parties are involved. The note for $100 was paid, but the note for $700 and interest is still due and unpaid. On February 12, 1903, Cady, at the request of defendant, Benjamin F. Shockley, executed and delivered a warranty deed of the premises to Sarah E. Shockley, the other defendant, who is the wife of Benjamin F. Shockley. The funds for paying the balance of the purchase price of the land due to Cady were procured by a loan negotiated through H. N. Tucker Company from the Iowa Land Company, and secured by a mortgage upon the premises executed by both defendants. The record discloses that Benjamin F. Shockley in procuring this deed and in negotiating the loan acted for his said wife, and she knew the purpose for which the loan was made, and also knew of the contract for deed from Cady to plaintiff and the assignment thereof by plaintiff to her husband, and she also had knowledge of the giving of the so-called chattel mortgage by her husband to plaintiff.

The complaint alleges the assignment of the Cady contract to defendant, B. F. Shockley, and the execution and non-payment by him of the $700 note, the giving of the instrument above described to secure the payment of said note and interest; also that the defendant, Sarah E. Shockley, holds by purchase from Edgar G. Cady, but subject to the contract of sale to plaintiff, and prays for judgment against defendant, Benjamin F. Shockley, for $808.50, the amount due upon the note, and "that the usual decree may be made for the sale of all of said Benjamin F. Shockley's right, title and interest in and to the premises described in said mortgage. * * * and that the said defendant and all persons claiming under him subsequent to the execution of said mortgage upon said premises, either as purchaser, incumbrancer, or otherwise, may be barred, * * * and for such other or further relief in the premises as to this court may seem meet and equitable." The trial court found that plaintiff has a lien, by virtue of the mortgage aforesaid, upon the real property in question, subject, however, to the mortgage given by defendants above mentioned, and ordered judgment for the sale of the premises to satisfy such lien.

Counsel for appellant contend that the instrument above referred to was both in form and legal effect nothing more than a chattel mortgage upon the contract, and that it furnished no basis for the lien which the judgment fastens upon the land. We think this contention is clearly untenable. While the instrument does not in express terms mortgage the land, we think it clearly shows an attempt to do so; and the evident intention of the parties was that it should operate as security upon the real property for the amount due plaintiff as represented by such notes, and, this being true. equity will treat it as an equitable mortgage. We see no insuperable obstacle in the way of a court of equity giving effect to this instrument according to the clear intent of the parties. In fact, to our minds, under the facts disclosed by this record, it would be grossly inequitable, and would be a most flagrant perversion of the principles of equity jurisprudence, to deny to plaintiff the relief asked for. Authorities are numerous in support of our conclusion that the instrument in question should be held to be an equitable mortgage. Following are some of them: Ketchum v. St. Louis, 101 U. S. 306, 25 L. Ed. 999; 11 Am. & Eng. Enc. Law (2d Ed.) 123, and numerous cases cited; 20 Am. & Eng. Enc. Law (2d Ed.) 909, and cases cited; 3 Pom. Eq. Jur., section 1237; 2 Story on Eq. Jur., section 1231; 1 Jones on Mortgages, section 162.

In 11 Am. & Eng. Enc. Law, p. 130, it is stated that "as a general rule an assignment by the vendee of a contract for the purchase of land, made as a security for a debt, makes the assignee an equitable mortgagee." In 3 Pom. Eq. Jur., section 1237, the rule is well stated as follows: "The form or particular nature of the agreement which shall create a lien is not very material, for equity looks at the final intent and purpose rather than at the form; and, if the intent appears to give, or to charge, or to pledge property, real or personal, as a security for an obligation, and the property is so described that the principal things intended to be given or charged can be sufficiently identified, the lien follows. * * * The intent to give a security being clear, equity will treat the instrument as an executory agreement for such security"—citing numerous authorities. In Jones on Mortgage, supra, the author remarks: "In addition to these formal instruments which are properly entitled to the designation of mortgages, deeds and contracts, which are wanting in one or both of these characteristics of a common law mortgage, are often used by both parties for the purpose of pledging real property, or some interest in it, as security for a debt or obligation, and with the intention that they shall have effect as mortgages. Equity comes to the aid of parties in such cases, and gives effect to their intention. Mortgages of this kind are therefore called equitable mortgages." 1 Jones on Mortgages, section 162. We deem the rule to be too well settled to require further citations.

Nor was it necessary that plaintiff should have asked to reform the instrument. Sprague v. Cochran, 144 N. Y. 104, 38 N. E. 1000; Love v. Sierra Nevada, etc., Co., 32 Cal. 639, 91 Am. Dec. 602; Cummings v. Jackson, 55 N. J. Eq. 805, 38 Atl. 763.

As respects the interests of defendant, Sarah E. Shockley, in the premises in controversy, it is sufficient to say that the evidence discloses that she took her title with notice of plaintiff's rights, and her title must therefore be held subordinate to such rights.

The judgment of the district court was in all things correct, and is accordingly hereby affirmed, respondent to recover his costs on this appeal. All concur.