TAYLOR STATE BANK, a Corporation, and J. F. Christen, v. Heinrich Baumgartner and C. F. EWALD (sole appellant).

(147 N. W. 385.)

**Building contractor — action on bond — judgment — demurrer to complaint — bond — reformation of — action for breach — damages — vacating of judgment — amendment.**

Action on a building bond for breach by the contractor of a building contract. From an order vacating a judgment entered upon the sustaining of a demurrer to plaintiffs' complaint, and granting leave to serve and file an amended complaint, defendant Ewald, surety on the bond, appeals. *Held:*

That as the bond and building contract set forth in the complaint, together with the breach of contract therein pleaded, may constitute a basis for an action to reform the bond, and, after reformation, permit a recovery of damages for its breach, the vacating of the judgment, with leave to amend complaint, was proper.

Opinion filed April 24, 1914.   Rehearing denied May 18, 1914.

Appeal from an order of the District Court of Stark County, *Crawford, J.*

Affirmed.

*Heffron & Baird,* and *G. R. Brainard,* for appellant.

The complaint stated no cause of action against appellant, and the district court erred in vacating the judgment for the purpose of permitting plaintiffs to amend their complaint. Willard v. Mohn, 24 N. D. 386, 390, 139 N. W. 979, 981; Boas v. Maloney, 138 Cal. 105, 70 Pac. 1004; Lord v. Hopkins, 30 Cal. 76; Phillips, Code Pl. § 311.

On the motion to vacate, plaintiffs should have submitted to the court an affidavit of merits and the complaint as they desired it to be amended; at least a complaint showing a cause of action against appellant. Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Kirschner v. Kirschner, 7 N. D. 291, 75 N. W. 252; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; Marin v. Potter, 15 N. D. 284, 107 N. W. 970; 31 Cyc. 373, 374, notes 57, 58, 375 (111a); Jenkins v. Warren, 25 App. Div. 569, 50 N. Y. Supp. 957; Abbott v. Meinken, 48 App. Div. 109, 62 N. Y. Supp. 660; Camp v. Pollock, 45 Neb. 771, 64 N.

W. 231; Satterlund v. Beal, 12 N. D. 122, 95 N. W. 518; Lasswell v. Kitt, 11 N. M. 459, 70 Pac. 561; Swain v. Burnette, 76 Cal. 299, 18 Pac. 394; Hayden v. Hayden, 46 Cal. 337.

On such motion the party must at least inform the court in what particular he desires to amend his complaint. Barker v. Walbridge, 14 Minn. 469, Gil. 351.

The plaintiffs are guilty of laches. Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; Wannemacher v. Vance, 23 N. D. 634, 138 N. W. 3.

*L. A. Simpson* and *M. L. McBride*, for respondents.

Plaintiff was not guilty of delay or negligence, and the cases cited by appellant, if applicable at all, are authorities in support of the plaintiff. Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381.

Goss, J. This is an action to recover of the principal and surety on a bond given contemporaneously with, and intended to insure the faithful performance of the terms of, a building contract, and which contract the complaint shows has been breached by nonperformance of certain conditions thereof. Both the building contract and the contractor's bond are a part of the complaint. The demurrer of the surety to the complaint was sustained, and judgment was entered dismissing the suit as to the surety, evidently on the assumption that the complaint could not be so amended as to state a cause of action against the surety on the bond. The order sustaining the demurrer was dated March 2d, 1912, and judgment was entered thereon March 4th, 1912, upon which latter date, on the application of plaintiff an order to show cause why said judgment just entered should not be vacated was issued, returnable March 14th, when arguments were had thereon, and the decision was taken under advisement by the court, in which condition it remained until September 21st following, when, on the surety's application, another order was issued, returnable four days later, citing plaintiff to show cause why the judgment, concerning the vacation of which no ruling on the motion submitted to vacate the same had been made, should not be confirmed and allowed to stand as the final judgment in the action as between the plaintiff and the surety, Ewald. Upon the

hearing had on this second order to show cause, the court, ruling upon both pending motions, granted the application of the plaintiff and vacated the judgment, but sustained its former ruling on the demurrer, and granted plaintiff leave to serve and file an amended complaint within ten days; from which order defendant Ewald, appeals.

Appellant urges that respondent's omission to serve with the motion to vacate an affidavit of merits and a proposed amended complaint renders irregular and unauthorized the action of the court in vacating the judgment. None of the authorities cited have any application on the record before the court at the time of the vacation of the judgment. No affidavit of merits was necessary, as the plaintiff was not, and could not be, in default, the question being simply that of whether a sufficient cause of action was set forth in the complaint challenged by the demurrer. Upon the court's sustaining the demurrer, the plaintiff was permitted as of course, under the practice prevailing in this jurisdiction, leave to serve and file an amended complaint, provided the original defective complaint shadowed forth a valid cause of action. If it was reasonably apparent from the matter stated in the complaint, including the building contract and surety bond thereto attached and a part thereof, that by an amendment the complaint could be made to state a valid cause of action against the surety, the action of the court in granting leave to serve and file such an amended complaint was a proper exercise of discretion, to deny which would have been an abuse of discretion. The same rule here applies as in actions to vacate judgments where defendant has wholly defaulted. In case of doubt the court should so rule as to permit a trial on the merits, rather than deny relief. Although it is urged that a six months' delay ensued between the submission of the merits, with the motion to vacate, in March, and the final ruling in September, this is not imputable to the parties to the action, and cannot amount to laches on the part of the plaintiff in moving the vacation of this judgment. No authorities cited as sustaining the appellant's contention are applicable. The only question on this appeal is the propriety of the court's order granting leave to serve and file an amended complaint, and this is determined by whether it can be reasonably inferred, from the matter stated in the complaint and attached undertaking and bond, that a cause of action may be stated against the

surety by an amended pleading. This leads to a brief statement of the contents of the building contract and the bond, as the two must be construed together and as one instrument, both by the terms of the bond itself and the rules of law as to the construction of building contracts and bonds. Bender & Moss, Mechanics' Liens, § 217; Utah Lumber Co. v. James, 25 Utah, 434, 71 Pac. 986.

The building contract provides for the furnishing of labor and material and all things "necessary for the complete construction of said building strictly in accordance with plans, specifications, and details," for an agreed consideration of $7,540, to be paid according to the conditions of the contract. The complaint charges a failure on the part of the contractor to pay for building material, resulting in a lien for $2,-673 being filed by materialmen upon said building, and the failure of the contractor and the surety to, after demand, procure the discharge of said lien, and that the principal and surety on the bond have therefore violated the terms of the bond. The plans, specifications, and details referred to are not a part of the complaint and are not before us, although mentioned in both the building contract and the building bond, and are to be construed in connection with them. The bond does not bind the principal to perform, nor does it, considered alone, afford the basis for any liability against either the principal or surety. It is plainly evident that the provisions usual to such bonds, obligating the principal and surety to perform the building contract according to the terms of said contracts, plans, and specifications, were omitted, rendering the bond on its face a nullity. It reads as follows:

Know all Men by these presents, That Heinrich Baumgartner, as principal and C. F. Ewald, as surety, of the County of Stark, and Morton and State of North Dakota, held and firmly bound unto Taylor State Bank of Taylor, Stark County, North Dakota, in the sum of Two Thousand 00–100 Dollars lawful money of the United States to be paid to the said Taylor State Bank of Taylor, N. Dak., for which payment well and truly to be made we bind ourselves, our executors and administrators, jointly and severally, firmly by these presents.

Dated this first day of September, A. D. 1908.

The conditions of the above obligation are such that Heinrich Baum-

27 N. D.—39.

gartner has been awarded the contract for the construction and erection of a brick building, in the village of Taylor, in a first class and workmanlike manner and to provide all the material for the said building according to drawings and specifications prepared by C. A. Bloom of Dickinson, N. D. and signed by the parties thereto on the 1st day of September, 1908, then the obligation to be void; otherwise to remain in full force and virtue.

Heinrich Baumgartner,<br>
C. F. Ewald.

But it does not necessarily follow that the complaint cannot be so amended as to state a cause of action based on the contract, bond, and breach assigned in the original complaint. The purpose of the bond, and that it was to insure performance of the building contract, are apparent from the instruments themselves. Evidently the omission of the usual stipulation in the bond, insuring the performance of the contract according to its terms, was but the mistake of the parties. The complaint discloses that the bond was accepted by the obligee as a bond securing the performance of the building contract, and that thereunder the principal on the bond was suffered to and did attempt to fully perform the conditions of the building contract on his part to be performed, and that after the completion of the building breached the contract, supposedly contrary to the bond. The circumstances of such breach are plead in the complaint. That the bond may be reformed, as between the parties, this plaintiff, the contractor, and surety, under these circumstances, has the support of all authority. Sec. 159, Brandt on Suretyship & Guaranty, and cases and notes in following authorities: 2 L.R.A. 64; 3 L.R.A. 189; 5 L.R.A. 712; 6 L.R.A. 835; 28 L.R.A. (N.S.) 785. A distinction is sometimes made between sureties for a valuable consideration and those which receive none, as to the construction of the bond, as exemplified by note 2, 98 Am. St. Rep. 844; George A. Hormel & Co. v. American Bonding Co. 33 L.R.A.(N.S.) 513 and extensive note thereto (112 Minn. 288, 128 N. W. 12) and also the case of Brown v. Title, Guaranty & Surety Co. 232 Pa. 337, 38 L.R.A. (N.S.) 698, 81 Atl. 410. This surety, Ewald, may have received a valuable consideration for becoming such. But no cases can be found

wherein reformation is denied in the face of a mutual mistake in the instrument, wholly defeating its purpose, as in the instance before us. The rule announced in 34 Cyc. 907, is: "If an instrument fails to embody the actual agreement made or transaction determined upon by the parties thereto, reformation is the proper remedy when a case is made out by proper proof, but the instrument sought to be corrected must fail to express the real agreement or transaction because of mistake common to both parties, or because of mistake on one side and fraud or unequitable conduct on the other." McCormick Harvesting Mach. Co. v. Woulph, 11 S. D. 252, 76 N. W. 939; Forester v. Van Auken, 12 N. D. 175, 96 N. W. 301; Standorf v. Shockley, 16 N. D. 73, 11 L.R.A. (N.S.) 869, 111 N. W. 622, 14 Ann. Cas. 1099. To deny reformation of this instrument might be to ignore the fact that the same fails to express the real agreement or transaction, as well as to permit the principal and surety to take the unequitable ground that the instrument was not intended as a bond, even though such must have been the only purpose for its execution, and though the principal has been allowed by the obligee, the plaintiff, to erect the building thereunder, with all parties probably relying upon the validity of the bond as insuring proper and full performance of the contract. If it be contended that reformation cannot be had as against the surety, see 34 Cyc. 962, which says that "where a mistake exists in an instrument with sureties, it will be corrected against them just the same as against the principals." If it be urged that reformation must be had in equity, and cannot be had in this action, then the action of the court in vacating the judgment was certainly proper, as the right to equitable relief should not be barred by entry of this judgment at law. Both principal and surety may properly be joined as defendants. An equitable action for reformation must concern the same subject-matter and the same parties. Reformation of the bond may be had in equity and damages for its breach recovered in the same action, the right to recover the latter depending, of course, on equitable relief of reformation being granted. Pomeroy's Code Remedies, § 78 reads: "When the plaintiff is clothed with primary rights, both legal and equitable, growing out of the same cause of action or the same transaction, and is entitled to an equitable remedy and also to a further legal remedy based upon the supposition that the equitable re-

lief is granted, and he sets forth in his complaint or petition the facts which support each class of rights, and which show that he is entitled to each kind of remedy, and demands a judgment awarding both species of relief, the action will be sustained to its full extent in the form thus adopted. He may on the trial prove all of the facts averred, and the court will in its judgment formally grant both the equitable and the legal relief. It will be noticed that this proposition embraces only those cases in which the legal relief demanded rests upon, and flows as a consequence from, the prior equitable relief, but the principle of the rule is not confined to such cases; it extends also to those in which the two remedies, although connected with the same transaction or subject-matter, are not connected as cause and effect. This is the most complete union of legal and equitable primary rights and remedies in one action which can be made; but it is limited and restricted to those cases in which these rights and remedies arise from the same transaction or subject-matter. It is not generally possible to join one legal cause of action with another entirely independent, equitable cause of action, there being no antecedent connection between the two." See also §§ 79 to 83, same authority. This is the rule in all states except Missouri and Wisconsin. Butler v. Barnes, 12 L.R.A. 273 and note (60 Conn. 170, 21 Atl. 419) and § 6767, Rev. Codes 1905, in connection with 34 Cyc. 964, subdiv. 3, and 34 Cyc. 906, D, and cases cited.

It is not necessary to further pursue the inquiry as to whether the complaint, considered with the building contract and bond, may be amended to state a cause of action. Counsel for the appellant base their appeal upon the following argument: "No 'construction' or twisting or the wildest flight of imagination can find anything in that 'undertaking' upon which to base a liability by Defendant Ewald to plaintiffs, and therefore no pleading or amendment thereto can possibly state a cause of action against said defendant." If this be true, appellant should prevail, but counsel has erroneously assumed that the undertaking cannot become a basis for liability. The order of the trial court vacating the judgment ordered and entered on demurrer, and granting plaintiff permission to serve and file an amended complaint, is affirmed. Respondent will recover costs of this appeal.

B. F. SPALDING. I concur in the result.