[File No. 6335.]

SECURITY BUILDING & LOAN ASSOCIATION, a Corporation, Appellant, v. J. P. COSTELLO, Respondent.

(263 N. W. 712.)

Opinion filed October 18, 1935.

B. A. Dickinson, for appellant.

E. J. McIlraith, for respondent.

NUESSLE, J. The plaintiff, a domestic corporation, brought this action under § 8144, Comp. Laws 1913, to establish its mortgage ·as a prior lien against the real property involved. The defendant, answering, denied the equities of the plaintiff and prayed that title be quieted in him under a sheriff's deed issued on a certificate of sale on foreclosure of a prior mortgage.

Reduced to their lowest terms the controlling facts disclosed by the record may be stated as follows: The plaintiff is the mortgagee in and the owner of a mortgage on real property in Divide county, North Dakota. At the time the plaintiff took this mortgage and paid the consideration therefor, it had knowledge that the defendant held a pre-existing mortgage intended to cover the premises in question. However, the property was misdescribed in defendant's mortgage. This mortgage contained a power of sale. In June, 1932, it was in default and defendant began foreclosure proceedings by advertisement pursuant to the statute, § 8073, et seq., Comp. Laws, 1913. The premises were sold September 10, 1932, defendant purchasing the same for the amount of the mortgage debt and costs.· In January, 1933, plaintiff began the instant action. Plaintiff knew of the defendant's mortgage and of the foreclosure proceedings and there was some correspondence between. the parties looking toward taking up the mortgage and later toward a redemption by the plaintiff from the sale. Beginning as early as April, 1932, various offers and counter offers in this direction were made. In September, 1933, after the year of redemption had expired but before sheriff's deed had issued, in response to an inquiry from the plaintiff,

defendant's attorney wrote stating that the defendant would accept the amount for which the premises had been sold with interest, plus an attorney's fee, in satisfaction of his claim and in redemption from the sale. On October 2, defendant wrote plaintiff stating that such offer was withdrawn. On October 3, but prior to the receipt of such letter of withdrawal, plaintiff wrote the defendant's attorney that plaintiff had accepted the former's offer and would make redemption accordingly. The defendant refused to permit the redemption and procured the issuance of a sheriff's deed. Thereupon plaintiff served a supplemental complaint setting forth, in addition to the allegations contained in the original complaint, the negotiations between the parties and that the plaintiff had agreed to redeem from the sale by paying the amount for which the property was sold with costs. The complaint further alleged "that since the said third day of October, 1933, the plaintiff was and now is ready, willing and able to make the payment agreed upon; that the defendant now refuses to accept said payment and release his claim against said premises." The defendant answered to the supplemental complaint denying generally the allegations thereof. He further set up his ownership of the premises in question under a deed on foreclosure of his mortgage, and that the plaintiff had notice of such mortgage and refused to do equity in the matter by redeeming or offering to redeem within the required time; and prayed that he be adjudged to be the owner of the premises by virtue of said sheriff's deed and that the description of the premises conveyed thereby be corrected to conform to the true description and that title be quieted in him. The case came to trial before the court without a jury. Plaintiff tendered in open court the amount for which the property had been sold at mortgage sale, together with interest. This tender was refused. The trial court found for the defendant and quieted title in him. The tender was then withdrawn. Thereafter plaintiff perfected the instant appeal.

In support of its appeal the plaintiff insists, first, that the mortgage under which the defendant claims was ineffective and void for the reason that it contained no sufficient description of the mortgaged premises. We need not go into the particulars concerning the misdescription. As we view it these are immaterial so far as the validity of the mortgage claim here is concerned. The mortgagor owned the property. He in-

tended to mortgage it to the defendant. The defendant paid full consideration to the mortgagor and believed he was receiving a valid mortgage on the mortgagor's property, as the mortgagor intended that he should. Plaintiff had knowledge of the fact that the defendant held an outstanding mortgage, executed by his own mortgagor, and that such mortgage was intended to cover the property on which the plaintiff was taking its mortgage. Plaintiff's mortgage stipulated that it was subject to encumbrances of record. Defendant's mortgage was effective as against the mortgagor. Accordingly it was effective as against the plaintiff, a subsequent mortgagee with knowledge thereof. The fact of the misdescription, even though it were such as to render the mortgage ineffective as against an innocent encumbrancer, cannot help the plaintiff who took with knowledge of all the facts in connection with the matter. Standorf v. Shockley, 16 N. D. 73, 111 N. W. 622, 11 L.R.A. (N.S.) 869, 14 Ann. Cas. 1099; Peters v. Ham & Co. 62 Iowa, 656, 18 N. W. 296; Mulligan v. Snavely, 117 Neb. 765, 223 N. W. 8; Rowell v. Williams, 54 Wis. 636, 12 N. W. 86; 41 C. J. 511.

Plaintiff next insists that though the defendant's mortgage be held effective as against it, nevertheless, owing to the misdescription the foreclosure thereof was not; that the defendant's proper procedure was by action, first to reform, then to foreclose, or both in the same proceeding; that since there was no reformation the foreclosure was ineffective and the sheriff's certificate of sale issued thereunder and the subsequent deed were without validity; that therefore the plaintiff had the right to redeem by paying the amount of the mortgage indebtedness with interest. However, on the argument in this court, counsel for the plaintiff stated that if the defendant's mortgage were held good as against the plaintiff that plaintiff would be satisfied if permitted to redeem from the foreclosure.

On the other hand, defendant insists that the mortgage was valid and sufficient; that the plaintiff had notice of its execution and that it was outstanding; that though there was a misdescription, yet, by extraneous evidence the property intended to be mortgaged could be identified and therefore it was good and sufficient against the mortgagor and his grantees having notice thereof; that this being so the mortgage might properly be foreclosed with the same effect as if there were no misdescrip-

tion; that the year of redemption having expired and sheriff's deed having issued, title was good in the defendant and the plaintiff could have no relief.

As between the defendant mortgagee and the mortgagor the defendant's mortgage was good. It could have been reformed and foreclosed in the same action. Standorf v. Shockley, 16 N. D. 73, 111 N. W. 622, 11 L.R.A.(N.S.) 869, 14 Ann. Cas. 1099, supra; Fitch v. Lomax (Tex. Com. App.) 16 S. W. (2d) 530, 66 A.L.R. 758. And many of the authorities hold that an action subsequent to foreclosure to reform both the mortgage and the sheriff's deed predicated on it will lie where the rights of third parties have not intervened. See Heini v. Bank of Kremmling, 93 Colo. 350, 25 P. (2d) 1113, 89 A.L.R. 1442, and cases cited in note at page 1450. See, also, note, 65 Am. St. Rep. 518. Whether such an action might be maintained as against a subsequent mortgagee with notice it is not now necessary for us to determine.

In the instant case the foreclosure was by advertisement. The misdescription in the mortgage and the certificate of sale was such that it would be impossible to identify the property intended to be mortgaged without extraneous evidence. Therefore, before it could have good title under such sheriff's deed as it might acquire if it redeemed, the plaintiff redemptioner would be under the necessity of bringing some action in that behalf. It ought not to be thus burdened. The fault in this respect was not the plaintiff's. It was that of the defendant who could have obviated all difficulty by bringing an action to reform and foreclose his mortgage and making the plaintiff a party. This being so, the plaintiff, by reason of the expiration of the year of redemption, ought not to lose its right to assert its claim or to challenge the sufficiency of the mortgage for purposes of foreclosure.

On the other hand, the plaintiff had not done as it might to best protect its rights. It had knowledge of the defendant's mortgage at the time it became a lien holder. Defendant's mortgage was of record. Plaintiff's mortgage recited that it was taken subject to mortgages of record. Plaintiff conceded the defendant's claim and at first did not question the validity of his mortgage. It negotiated looking toward the payment of the defendant's claim. It knew that the defendant was about to foreclose by advertisement. It took no steps to require this

foreclosure to be by action. After the foreclosure sale it negotiated with the defendant looking toward redemption. Its conduct in this respect was such as reasonably to cause the defendant to believe that there was no challenge to the validity of the foreclosure and that the plaintiff would redeem. Its whole conduct in the matter tends to the inference that it was seeking all possible delay and a means of defeating the defendant's claim altogether. The theory of its supplemental complaint in this action was that it might and would redeem. On the trial of the case it tendered the amount for which the property was sold at foreclosure, together with interest, and on argument in this court counsel stated that it would be satisfied if thus permitted to redeem.

Considering all the circumstances, we are of the opinion that as between the parties here the foreclosure sale should not be set aside but that the plaintiff should be permitted to redeem by paying the amount for which the property was sold together with interest, pursuant to its offer and tender at the time of the trial. As against the mortgagor and the plaintiff mortgagee, the defendant was entitled to make the amount of his loan out of the property. The plaintiff finally offered to pay this amount with interest and costs at the time the negotiations were broken off and made a similar offer at the time of the trial. This was fair enough. The defendant could not ask for more.

The judgment of the district court will accordingly be modified by permitting the plaintiff to redeem by paying the amount for which the property was sold at foreclosure sale, with interest thereon, within sixty days from the filing of the remittitur herein. In event redemption is not thus made the title to the premises will be quieted in the defendant as against the plaintiff in accordance with the prayer of defendant's answer.

BURKE, Ch. J., and BURR, CHRISTIANSON and MORRIS, JJ., concur.